# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:12-MC-43

| | |
|---|---|
| **JAMES ANTHONY EVANS (Trust),** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| ) | |
| **NATIONSTAR MORTGAGE, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court upon a Letter of Clarification filed by Plaintiff (Doc. No. 11) as well as Defendant's initial Motion to Compel (Doc. No. 1). Construing the Motion to Compel (Doc. No. 1) as a complaint, the Court previously ordered Plaintiff to clarify the filing to make clear the remedy Plaintiff seeks. In the latest clarification (Doc. No. 11), Plaintiff states that the Motion to Compel (Doc. No. 1) should be construed "as a posting of an undertaking in lieu of bond." (Doc. No. 11, p. 4). For this, Plaintiff cites to state law, such as N.C.G.S. §§ 58-75-1, 28A-8-2, and 28A-8-3. These are state laws over which this federal Court has no jurisdiction, and Plaintiff has not pleaded any basis for federal jurisdiction in any of his pleadings. See 28 U.S.C. §§ 1331, 1332; see, e.g., In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010) ("Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court sua sponte, at any time prior to final judgment.").

Without subject matter jurisdiction, this Court may not provide relief, and therefore this case is HEREBY DISMISSED. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

IT IS SO ORDERED.

Signed: June 5, 2012

Frank D. Whitney
United States District Judge